UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TAMARA D. HAGENS,               )
                                )
              Plaintiff,        )
                                )
         vs.                    )          No. 4:05-CV-411 (CEJ)
                                )
FRANCIS SLAY, Jr., in his       )
official capacity as Mayor,     )
et al.,                         )
                                )
              Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss plaintiff's complaint. Plaintiff, who proceeds *pro se*, opposes the motion.

Plaintiff Tamara D. Hagens owns a building and a parcel of real property located in the City of St. Louis. The City initiated condemnation proceedings against the building after a building inspector found multiple code violations. Plaintiff filed an appeal with the Board of Building Appeals. While the appeal was pending, she filed this action pursuant to 42 U.S.C. § 1983, naming as defendants Francis Slay, Jr., in his official capacity as Mayor of the City of St. Louis, the City of St. Louis, the Department of Public Safety, and the Division of Building and Inspection. Plaintiff claims that enforcement of the City Building Code to permit demolition on the basis of "the unsubstantiated opinion of a single code inspection official" would result in deprivation of property without due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution. She seeks

a declaratory judgment and injunctive relief barring demolition of her property.

The Board of Building Appeals granted plaintiff's appeal on April 13, 2005. According to the Board's written decision, Yvette Powell, Roderick Powell, and Rev. Eugene Fowler appeared in support of the appeal and requested additional time to renovate the building. They informed the Board that title to the property had been transferred to the Community State Preservation of the Baptist Building. They hired an architect who developed a plan for repair of the deficiencies listed in the condemnation notice and obtained a permit to implement the work. The city inspectors who issued the condemnation notice reviewed the construction drawings and concurred that plaintiff was attempting to "abate the problems." The Board accordingly granted the appeal and directed the City inspectors to monitor the progress of the repairs.

### Discussion

In order to invoke the jurisdiction of the federal courts, the parties must demonstrate an actual, ongoing case or controversy within the meaning of Article III of the United States Constitution. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The Court "do[es] not have jurisdiction over cases in which 'due to the passage of time or a change in circumstances, the issues presented . . . will no longer be 'live' or the parties will no longer have a legally cognizable interest in the outcome of the litigation." Van Bergen v. Minnesota, 59 F.3d 1541, 1546 (8th Cir. 1995) (quoting Arkansas AFL-CIO v. FCC, 11 F.3d 1430, 1435 (8th

Cir. 1993) (*en banc*)). The Court concludes that the decision of the Board of Building Appeals renders plaintiff's due process claims moot. Plaintiff's property is not presently subject to a notice of condemnation, and thus there is no activity for the Court to enjoin. <u>Iron Cloud v. Sullivan</u>, 984 F.2d 241, 243 (8th Cir. 1993). Moreover, plaintiff received due process: she invoked her right to an appeal of the building inspector's decision, received a hearing, and was granted relief.

Plaintiff concedes that the favorable ruling from the Board of Building Appeals satisfies due process. She nonetheless contends that her claims for declaratory and injunctive relief remain "live." Plaintiff's claims challenge the constitutionality of Chapter 25.01, Section 120.6 of the St. Louis City Revised Code, which governs "emergency demolition or removal." The section provides that: "If, in the opinion of the code official, a building . . . poses an immediate and imminent danger to the public health, safety or welfare, by virtue of its condition or conditions in violation of this code, the code official shall be permitted to cause the immediate removal of said building, . . . without the notice set forth elsewhere in this code."

Plaintiff has no basis to challenge the operation of Section 120.6. The Notice of Condemnation she received was issued pursuant to Section 119.0, which governs "condemnations," as distinct from the "emergency measures" addressed by Section 120. There is absolutely no indication either in the complaint or in the record of proceedings before the Board of Building Appeals that

plaintiff's property faces emergency demolition and her claims for declaratory and injunctive relief are based entirely on speculation. Thus, there is no case or controversy before the Court and the complaint will be dismissed as moot.

Because the Court concludes that plaintiff's action is moot, it will not discuss defendants' additional arguments that plaintiff failed to exhaust administrative remedies that were available to her, that the Court should abstain pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971), and that defendants are entitled to immunity.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#2] is **granted.**

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of January, 2006.